# In the United States Court of Federal Claims

No. 17-1419V
(Filed Under Seal: August 20, 2025)
(Reissued: September 4, 2025)*
**FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|                                      |   |
|--------------------------------------|---|
| MITCHELL GODFREY,                    | * |
|                                      | * |
| Petitioner,                          | * |
|                                      | * |
| v.                                   | * |
|                                      | * |
| SECRETARY OF HEALTH AND              | * |
| HUMAN SERVICES,                      | * |
|                                      | * |
| Respondent.                          | * |
|                                      | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Isaiah Kalinowski*, Bosson Legal Group, Fairfax, VA, for Petitioner.

*Jennifer L. Reynaud*, Senior Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C., for Respondent. With her on the briefs were *Yaakov M. Roth*, Acting Assistant Attorney General, *C. Salvatore D'Alessio*, Director, *Heather L. Pearlman*, Deputy Director, and *Traci R. Patton*, Assistant Director, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

Petitioner Mitchell Godfrey sought relief under the National Childhood Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-10 to -34 ("Vaccine Act"). He claims that he developed Guillain-Barré Syndrome ("GBS") after receiving a Prevnar 13 pneumococcal conjugate vaccine. *See* Pet. at 1, 3 (ECF 1). The Special Master found that Petitioner failed to show that the vaccine caused his GBS, and so denied recovery. *See* Entitlement Decision (ECF 114) ("Entitlement Dec."). Petitioner

---

* This Opinion was issued under seal on August 20, 2025. The parties were directed to propose redactions by September 3, 2025. No proposed redactions were submitted. The Court hereby releases publicly the Opinion and Order of August 20 in full.

filed a motion for review, which has been fully briefed and argued.[1] The motion is **DENIED**, and the Special Master's decision is **SUSTAINED**.[2]

## BACKGROUND

### I. The Vaccine Act

To obtain compensation under the Vaccine Act, a petitioner must prove that a vaccine caused an injury. *Althen v. Sec'y of Health & Hum. Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). There are two ways to show that a vaccine caused a given medical condition: (1) through "a statutorily-prescribed presumption of causation upon a showing that the injury falls under the Vaccine Injury Table ('Table injury')," *id.* (citing 42 U.S.C. § 300aa-14(a)), or (2) by establishing causation in fact "where the complained-of injury is not listed in the Vaccine Injury Table ('off-Table injury')," *id.* (citing 42 U.S.C. §§ 300aa-13(a)(1), 300aa-11(c)(1)(C)(ii)(I)).

Petitioner alleges that he developed GBS as a result of a pneumococcal conjugate vaccine. Pet. at 1, 3. GBS is not a Table injury for pneumococcal conjugate vaccines, *see* 42 C.F.R. 100.3(a)(xii), and so this is an "off-Table" case. *See Winkler v. Sec'y of Health & Hum. Servs.*, 88 F.4th 958, 961 (Fed. Cir. 2023).

In an off-Table case, a petitioner must prove causation-in-fact by a preponderance of the evidence. *See, e.g., Hibbard v. Sec'y of Health & Hum. Servs.*, 698 F.3d 1355, 1366 (Fed. Cir. 2012) (citing *Althen*, 418 F.3d at 1278). Causation of off-Table injuries has three elements, often referred to as the *Althen* prongs: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen*, 418 F.3d at 1278.

Proof of those three elements by a preponderance of the evidence is sometimes referred to as the petitioner's prima facie case of causation.[3] *Porter v. Sec'y of Health & Hum. Servs.*, 663 F.3d 1242, 1251 (Fed. Cir. 2011). Failure to prove even one *Althen* prong precludes compensation. *Id.* The evidence presented "must cumulatively show that the vaccination was a 'but-for' cause of the harm, rather than just an insubstantial contributor in, or one among several possible causes of, the harm."

---

[1] Petitioner's Mot. for Review ("Pet.'s Mot.") (ECF 116); Respondent's Resp. to Mot. for Review ("Resp.'s Br.") (ECF 118). I held oral argument. *See* Tr. (ECF 121).
[2] This Court has jurisdiction. *See* 42 U.S.C. §§ 300aa-11(c), 300aa-12. Petitioner timely moved for review. *See* 42 U.S.C. § 300aa-12(e)(1).
[3] The Respondent can rebut the prima facie case by showing, "also by a preponderance of evidence, that the injury was in fact caused by factors unrelated to the vaccine." *Althen*, 418 F.3d at 1278 (quoting *Knudsen by Knudsen v. Sec'y of Health & Hum. Servs.*, 35 F.3d 543, 547 (Fed. Cir. 1994)); *see* 42 U.S.C. § 300aa-13(a)(1)(B).

*Winkler*, 88 F.4th at 962 (quoting *Pafford v. Sec'y of Health & Hum. Servs.*, 451 F.3d 1352, 1355 (Fed. Cir. 2006)); *see also Shyface v. Sec'y, Health & Hum. Servs.*, 165 F.3d 1344, 1352 (Fed. Cir. 1999) ("[E]stablishment of prima facie entitlement to compensation according to the non-Table method would require the petitioner to prove, by a preponderance of the evidence, that the vaccine was not only a but-for cause of the injury but also a substantial factor in bringing about the injury.").

"[E]vidence of other possible sources of injury can be relevant ... to whether a prima facie showing has been made that the vaccine was a substantial factor in causing the injury in question." *Winkler*, 88 F.4th at 963 (quoting *Stone v. Sec'y of Health & Hum. Servs.*, 676 F.3d 1373, 1379 (Fed. Cir. 2012)). If the evidence shows that a vaccine caused a petitioner's injury, the petitioner is not required to eliminate alternative causes. *Walther v. Sec'y of Health & Hum. Servs.*, 485 F.3d 1146, 1150 (Fed. Cir. 2007) ("[T]he Vaccine Act does not require the petitioner to bear the burden of eliminating alternative causes where the other evidence on causation is sufficient to establish a prima facie case."). Nonetheless, a special master may find that a petitioner has failed to meet his prima facie burden when "evidence of other possible sources of injury" makes it impossible to determine that the vaccine was a "but for" cause of the injury. *Stone*, 676 F.3d at 1379–80; *Winkler*, 88 F.4th at 963. When there is another possible source of a petitioner's injury, a special master need not explicitly find that it caused the injury in order to conclude that the petitioner failed to meet his prima facie burden. *Winkler*, 88 F.4th at 963.

This Court may set aside a special master's conclusions as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. § 300aa-12(e)(2)(B). "Fact findings are reviewed ... under the arbitrary and capricious standard; legal questions under the 'not in accordance with law' standard; and discretionary rulings under the abuse of discretion standard.*" Munn v. Sec'y of Dep't of Health & Hum. Servs.*, 970 F.2d 863, 870 n.10 (Fed. Cir. 1992). When this Court finds error, it may either substitute its own findings and conclusions or remand for additional proceedings. 42 U.S.C. § 300aa-12(e)(2)(B)–(C).

## II. Factual History

The essential facts are uncontested, and Petitioner's claim is narrow. Petitioner was diagnosed with GBS roughly a month after his vaccination, and a few weeks after suffering a diarrheal illness. Entitlement Dec. at 2 n.4, 8; Pet.'s Ex. 6 at 5, 15 (ECF 4-7); Pet.'s Mot. at 1–2; Resp.'s Br. at 2; Tr. at 25–26.[4] The only remaining

---

[4] The record suggests an earlier dispute about whether Petitioner actually experienced a diarrheal illness, Entitlement Dec. at 10; *see* Pet.'s Ex. 160 at 3 (ECF 95-2), but Petitioner has now waived the issue. Tr. at 25.

- 3 -

dispute revolves around whether the Special Master adequately explained why she found Petitioner failed to prove causation. Pet.'s Mot. at 9; Resp.'s Br. at 7.

The Special Master assumed (without deciding) that Petitioner met his burden at *Althen* prong one by providing a medical theory that causally connects the vaccine and the injury. Entitlement Dec. at 30–31. The Special Master also held that Petitioner carried his *Althen* prong three burden to establish a "proximate temporal relationship" between the vaccine and his GBS. *Id.* at 36–37.

However, the Special Master held that Petitioner failed to meet his burden at *Althen* prong two. *Id.* at 35. She reasoned that because Petitioner's diarrheal illness could have triggered GBS, she could not conclude that the vaccine was the "but for" cause of Petitioner's injury. *Id.* at 35. The Special Master explained her *Althen* prong two conclusion with several different aspects of the record.

First, she noted that most cases of GBS result from infections, not from vaccines. *Id.* at 4, 35. Petitioner does not disagree with that factual conclusion, Tr. at 21, whatever its probative value might be.

Second, she found that several of Petitioner's treating physicians associated Petitioner's GBS with his diarrheal illness. Entitlement Dec. at 33–34. Petitioner concedes that finding was "correct." Tr. at 26. Other doctors may have reached different conclusions, *id.*, and the Special Master explained why she gave those opinions less weight. Entitlement Dec. at 33–34.

Third, she relied on Petitioner's experts' concession that a diarrheal illness could cause GBS. Entitlement Dec. at 34; *see also* Pet.'s Ex. 99 at 17 (ECF 38-2); Pet.'s Ex. 142 at 29 (ECF 72-2). Petitioner does not argue that the Special Master mischaracterized his experts' views. Tr. at 11, 19, 25–26. The Special Master acknowledged Petitioner's experts' opinion that "there was insufficient evidence to support a finding that Petitioner's diarrheal illness was causative" of his GBS. Entitlement Dec. at 34. But she rejected their reasoning as unsupported by the record. *Id.* at 34–35.

Fourth, the Special Master repeated Respondent's experts' view that while there is a demonstrated connection between GBS and diarrheal illness, the medical literature has not shown a connection between GBS and Petitioner's vaccine. *Id.* at 35. Petitioner has waived any objection to that conclusion as well. Tr. at 19–20.

The Special Master acknowledged that Petitioner could prove his vaccine caused his injury without disproving other possible causes. Entitlement Dec. at 32, 35. But she reasoned that "evidence of other possible sources of injury" is nonetheless relevant to "whether a prima facie showing has been made that the vaccine was a

substantial factor in causing the injury in question." *Id.* at 32 (quoting *Stone*, 676 F.3d at 1379); *id.* at 35 (same).

In particular, the Special Master relied on the Federal Circuit's decision in *Winkler*, another case where both sides agreed that the petitioner's GBS could be attributed either to a vaccine or to a diarrheal illness. *Id.* at 36. In *Winkler*, the same Special Master found the petitioner "did not provide preponderant evidence that the vaccine was a substantial factor in causing his GBS." *Id.* (citing *Winkler*, 88 F.4th at 961). The Federal Circuit affirmed, holding that "contemplation of a potential causative agent when evaluating whether or not a petitioner has established a prima facie case is in accordance with the law." *Id.* (quoting *Winkler*, 88 F.4th at 963).

"In this case," the Special Master accordingly explained, "the presence of multiple potential causative agents makes it difficult to attribute 'but for' causation to the vaccination." *Id.* at 35 (quoting *Pafford*, 451 F.3d at 1358–59). The Special Master held on that basis that "Petitioner failed to prove that the Prevnar 13 vaccine was the 'but for' cause of Petitioner's GBS." *Id.*

## DISCUSSION

As mentioned, the issue presented for review is narrow. Petitioner does not contest the Special Master's factual findings or her statement of the law. Tr. at 21, 25–28, 33. Nor does Petitioner argue that any portion of the Special Master's decision was arbitrary or capricious. Tr. at 21, 28, 33. Petitioner argues only that the Special Master did not supply enough reasoning for her conclusion that he failed to prove causation. Tr. at 25, 28, 45.[5] Petitioner claims that the purported omission amounts to a legal error that justifies remand. Tr. at 33.

Petitioner is broadly correct that to survive review, the Special Master had to "provide a reasoned explanation for [her] action." *Record v. Sec'y of Health & Hum. Servs.*, 175 Fed. Cl. 673, 680 (2025) (quoting *Goodwin v. Sec'y of Health & Hum. Servs.*, No. 19-503, 2024 WL 4758470, at *3 (Fed. Cl. Oct 10, 2024) (itself quoting *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 35 (2020))). Remand is necessary where "there is not enough [explanation] for this Court's review." *Record*, 175 Fed. Cl. at 680–81. But here, the Special Master's explanation is amply sufficient.

---

[5] Most of Petitioner's briefing appeared to be directed at other theories. He argued that the Special Master committed various legal errors in evaluating Petitioner's illness as a potential cause of his GBS. Pet.'s Mot. at 10–13. Petitioner also tried to distinguish *Winkler*, which squarely establishes that a special master *may* consider potential alternative causes during the *Althen* causation analysis. *Winkler*, 88 F.4th at 963; *see* Pet.'s Mot. at 14–16. At oral argument Petitioner largely abandoned the theories presented in his motion.

Petitioner describes the Special Master's decision as having "no reasoning to it." Tr. at 27. But that characterization is not fair at all. As discussed above, the Special Master found — after discussing multiple aspects of the factual record — that (1) Petitioner's diarrheal illness was a possible cause of his GBS, and (2) no connection between the vaccine and GBS appeared in the medical literature. *See* Entitlement Dec. at 35. Only then did she conclude — "given Petitioner's clinical course, treating physician statements, and the experts' opinions supported by medical literature" — that Petitioner had not met his burden. Entitlement Dec. at 35.[6] The fairest reading of the Special Master's reasoning is, in short, that the factual record did not support Petitioner's prima facie showing of causation.

One sentence of explanation might be too little. *See Stratton v. Sec'y of Health & Hum. Servs.*, 138 F.4th 1368, 1372 (Fed. Cir. 2025). But the Special Master's obvious analysis — the majority of which Petitioner agrees with or leaves unchallenged — is more than enough of a "reasoned explanation" for this Court's review. *See Record*, 175 Fed. Cl. at 680; *see also Winkler*, 88 F.4th at 963. In fact it is hard to imagine what else the Special Master could reasonably have been expected to include, short of requiring her to "follow a particular formula or incant 'magic words'" unlike other circumstances where deference is required. *Cf. Garland v. Ming Dai*, 593 U.S. 357, 369 (2021).

Thus, it is unnecessary for me to remand to the Special Master for further explanation of her decision. And given that Petitioner objects to no part of the Special Master's decision other than the supposed lack of explanation, Tr. at 27, it must be upheld.

## CONCLUSION

For the foregoing reasons, the motion for review is **DENIED** and the decision of the Special Master is **SUSTAINED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge

---

[6] In context, the Special Master's statement that attribution of Petitioner's injury was "difficult" does not mean that she considered factfinding hard to do, but that a petitioner's burden of proof is especially challenging in cases where different sources of injury are possible. *See* Entitlement Dec. at 35 (quoting *Pafford*, 451 F.3d at 1358–59).