# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 11, 2026

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| MITCHELL GODFREY, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-1419V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

Isaiah Kalinowski, Bosson Legal Group, Fairfax, VA, for Petitioner.
Eleanor Hanson, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 3, 2017, Mitchell Godfrey ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as a result of a pneumococcal conjugate vaccine ("Prevnar 13") administered on August 10, 2016, he developed Guillain-Barré Syndrome ("GBS"). Petition at ¶¶ 3-8 (ECF No. 1). On February 26, 2025, the undersigned issued a dismissal decision. Decision dated Feb. 26, 2025 (ECF No. 114). Petitioner filed a motion for review, which was denied on August 20, 2025. Opinion and Order dated Aug. 20, 2025 (ECF No. 122).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On September 5, 2025, Petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion for Payment of Petitioner's Attorneys' Fees and Reimbursement of Case Costs ("Pet. Mot."), filed Sept. 5, 2025 (ECF No. 126). Petitioner requests compensation in the amount of $54,097.40, representing $54,025.20 in attorneys' fees and $72.20 in costs. Id. at 2. Petitioner warrants that he has not personally incurred any costs in pursuit of his claim for compensation. Id. Respondent filed his response on September 12, 2025, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot., filed Sept. 12, 2025, at 2 (ECF No. 128). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Isaiah Kalinowski, $445.00 per hour for work performed in 2023, $480.00 per hour for work performed in 2024, and $504.00 per hour for work performed in 2025. Petitioner also requests rates between $185.00 and $205.00 per hour for work of their counsel's paralegals performed between 2024 and 2025.

The undersigned finds these rates consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein. The undersigned has also reviewed the submitted billing entries and finds the total number of hours billed to be reasonable.[3]

Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards:**

**Petitioner is awarded attorneys' fees and costs in the total amount of $54,097.40, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

---

[3] Counsel billed for preparing exhibits for filing on two occasions. See Pet. Ex. 165 at 4. It is well known in the Vaccine Program that billing for some administrative tasks (e.g., filing documents and preparing documents for filing), even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Wallace v. Sec'y of Health & Hum. Servs., No. 17-1074V, 2018 WL 6977489, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2018) (noting the preparation of medical records is an administrative and non-compensable task). The undersigned warns counsel against billing for non-compensable tasks. The undersigned will not deduct for this time here, but warns counsel she will in the future.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

    **IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.